DECISION
Eric Parks, plaintiff-appellant, appeals a December 1, 2000 judgment of the Franklin County Municipal Court granting him attorney fees in the amount of $250 for the prosecution of his case against his landlords, Hossein and Deborah Kanani, defendants-appellees.
In May 1998, appellant entered into a rental agreement with appellees for the rental of a single family residence in Columbus, Ohio. The monthly rent was $800, and appellant submitted $800 for the security deposit for "damage to the house beyond normal wear and tear." On April 1, 1999, appellees notified appellant they intended to re-occupy the residence on June 15, 1999, and, therefore, they were not going to renew his rental agreement. On July 1, 1999, appellees mailed a letter to appellant summarizing its proposed disposition of the security deposit. Appellees proposed that they retain the $800 security deposit and requested an additional $900 for damage done to the property. On July 23, 1999, appellant's counsel requested the return of the security deposit, plus interest, as provided by R.C. 5321.16. On September 9, 1999, appellees sent a letter indicating their refusal to return the security deposit and enclosed pictures of the residence, which appellant claimed did not depict the same residence he had occupied.
Appellant filed a complaint on October 1, 1999 for the return of the security deposit. On January 13, 2000, appellant moved for summary judgment, which was unopposed. Appellant also filed a motion for judgment on February 11, 2000, based upon appellees' failure to provide discovery pursuant to the court's previous order. On May 22, 2000, the trial court granted both motions. The court awarded appellant $800 in compensatory damages, $800 in statutory damages, and $85.21 in statutory interest and costs. Appellant then applied to the court for costs and attorney fees pursuant to R.C. 5321.16(C), as a result of appellees' failure to comply with R.C. 5321.16(B) by wrongfully withholding the security deposit. In his July 21, 2000 application, appellant submitted a fee statement indicating attorney fees of $13,817.71. Appellant filed a substitute application for costs on October 20, 2000, indicating his attorney fees were $10,296.36. On November 30, 2000, the court held a hearing on the application for costs. At the hearing, appellant and attorney Garrald Newbold testified regarding the reasonableness, necessity, and nature of the attorney fees. The trial judge awarded appellant $250 of the $10,296.36 in attorney fees requested, finding that the amount requested was unreasonable.
On December 4, 2000, appellant moved for separate findings of fact and conclusions of law. An appeal was filed, but this court dismissed such appeal due to the pending findings of fact and conclusions of law. On July 24, 2001, the trial court issued findings of fact and conclusions of law, in which the court indicated it had reduced the attorney fees award due to discrepancies in the billing statements submitted by appellant, what the court considered unreasonably excessive time required to pursue the action, and the fact that the court believed the claim should have been brought in small claims court. Appellant appeals the trial court's judgment. Appellant does not present assignments of error; rather, appellant presents the following two "issues presented for review":
FIRST ISSUE PRESENTED FOR REVIEW:
 WHETHER THE TRIAL COURT APPLIED THE INCORRECT STANDARD OF LAW IN ITS DETERMINATION OF THE AMOUNT OF ATTORNEY'S FEES TO WHICH APPELLANT IS ENTITLED PURSUANT TO R.C. § 5321.16(C)[.]
SECOND ISSUE PRESENTED FOR REVIEW:
 WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN REDUCING THE UNCONTROVERTED AMOUNT OF ATTORNEY'S FEES ABSENT EVIDENCE THAT THEY WERE NOT NECESSARY AND REASONABLE[.]
We will construe appellant's issues presented for review as assignments of error and will address them together, as they are related. Appellant argues in his first assignment of error the trial court erred in applying the incorrect standard of law in its determination of the amount of attorney fees to which he was entitled pursuant to R.C. 5321.16(C). Appellant argues in his second assignment of error the trial court abused its discretion in reducing the amount of uncontroverted attorney fees. Appellant basically raises three issues in his two assignments of error: (1) the trial court gave reasons that are not among those enumerated in DR-2-106(B); (2) the trial court ignored his testimony and evidence in refusing to award the full amount of his attorney fees; and (3) the trial court's award of $250 for attorney fees was arbitrary. With regard to the first two issues, R.C. 5321.16(C) provides:
 (C) If the landlord fails to comply with division (B) of this section, the tenant may recover the property and money due him, together with damages in an amount equal to the amount wrongfully withheld, and reasonable attorneys fees. (Emphasis added.)
The trial court shall determine the amount of such fees based upon the evidence presented, and such determination shall not be reversed except upon an abuse of discretion. Smith v. Padgett (1987), 32 Ohio St.3d 344, paragraph four of the syllabus. Abuse of discretion connotes more than a mere error of law or judgment, it implies an attitude by the trial court which is arbitrary, unreasonable, or unconscionable. Ruwe v. Bd. of Springfield Twp. Trustees (1987), 29 Ohio St.3d 59, 61. "`Unless the amount of fees determined is so high or so low as to shock the conscience, an appellate court will not interfere.'" Bittner v. Tri-County Toyota, Inc. (1991), 58 Ohio St.3d 143, 146, quoting Brooks v. Hurst Buick-Pontiac-Olds-GMC, Inc. (1985), 23 Ohio App.3d 85, 91. In Bittner, the court set forth the procedure for setting attorney fees, stating that after calculating the number of hours reasonably expended on a case times an hourly rate, the court may modify that amount by any pertinent factors listed in DR2-106(B), which includes the following: the time and labor involved in maintaining the litigation; the novelty and difficulty of the questions involved; the professional skill required to perform the necessary legal services; the attorney's inability to accept other cases; the fee customarily charged; the amount involved and the results obtained; any necessary time limitations; the nature and length of the attorney/client relationship; the experience, reputation, and ability of the attorney; and whether the fee is fixed or contingent. All factors may not be applicable in all cases, and the trial court has the discretion to determine which factors to apply and in what manner that application will affect the initial calculation. Id. at 145-146.
In the present case, in awarding fees for an amount less than that requested, the trial court found that the amount of work spent on the case was well in excess of what would have been required under normal circumstances. The trial court was also concerned that appellant's attorney was overcharging him. There was testimony and evidence presented to support these findings. Newbold testified there were either errors or questionable billing entries on the substitute fee statement. The accuracy of the billing practices of appellant's counsel were also called into doubt by the wide difference between the original fee statement appellant submitted and the subsequent substitute fee statement he submitted thereafter. The subsequent fee statement contained numerous corrections, resulting in a reduction of $3,500 in total fees. These are valid reasons under DR-2-106(B). Pursuant to DR-2-106(B), the trial court could properly consider the time and labor involved in maintaining the litigation, the novelty and difficulty of the questions involved, and the amount involved and results obtained. Further, the trial court was well within its discretion to find Newbold's testimony as to the reasonableness of the fees unpersuasive. Chapman v. Adkins (Sept. 20, 2001), Franklin App. No. 00AP-1419, unreported (magistrate had the ability to evaluate the credibility of an attorney's testimony regarding reasonableness of attorney fees and make an award of reasonable attorney fees in her discretion). Thus, we find no abuse of discretion in the trial court questioning the accuracy and truthfulness of the total amount of attorney fees.
Our own review of the billing statement submitted by appellant raises the same concerns the trial court discussed. We find the total billed fees of $10,296.36 to be quite excessive given the circumstances of this case. The hours indicated for numerous charges appear to be out of line in comparison to the time in which a competent attorney could complete the tasks and resolve the case. There also appears to be charges for work that would be unnecessary given the low deposit monies at stake and the rather ordinary circumstances of the case. For example, appellant's counsel billed appellant 15.75 hours during just one day, which seems high given the relative straightforwardness of the landlord/tenant action. In a period of four days, appellant's counsel billed him for 46.07 hours. In addition, appellant's counsel billed him for a twenty-five minute phone call to the trial court's bailiff and a half-hour phone call to the trial judge, which appellant's witness, Newbold, admitted was unusual. Further, appellant's counsel billed him for time he spent preparing the fee statement, which Newbold also admitted was uncommon. Appellant's counsel also spent twenty-six hours drafting a motion for summary judgment, which did not include time for research, drafting the affidavits, or meeting with witnesses. These examples support the trial court's finding that the attorney fees incurred in the present case were excessive when compared to the nature of the case and the underlying judgment rendered.
We have before found that a trial court abuses its discretion when the amount awarded for attorney fees compared to the actual judgment for the tenant is excessive. In McGregor v. Armeni (Nov. 20, 1990), Franklin App. No. 89AP-1500, unreported, this court found attorney fees in the amount of $5,809.76 excessive and unconscionable when the tenant sought only $465 on a security deposit claim. This court noted that R.C.5321.16(C) allows "reasonable" attorney fees, and where the amount recovered is small compared to the attorney fees assessed, such attorney fees award may be excessive. Id., citing Padgett, supra, at 350. See, also, Nelson v. Tipton (Nov. 18, 1999), Franklin App. No. 99AP-277, unreported (trial court abused its discretion when it awarded $26,472.39 in attorney fees under R.C. 5321.16(C) when the amount of the judgment was only $3,200); Cook v. Downey (June 30, 1988), Franklin App. No. 87AP-1075, unreported (trial court's attorney fee award was reasonable based on a comparison between the amount of the security deposit claim [$667] and the attorney fees requested [$650]); Fant v. DiSabato (Dec. 29, 1987), Franklin App. No. 87AP-265, unreported (an attorney fee award of $3,712.50 is excessive, and the tenant's attorney could not have reasonably charged the tenant such amount when the net judgment amounted to only $255). In the present case, appellant incurred over $10,000 in attorney fees to recover a $1,600 judgment. Despite the few nuances of this case that make it slightly out of the ordinary, including the fact that appellees were pro se, we agree with the trial court that the amount charged was excessive under the circumstances of this case.
We also note the trial court questioned the veracity of appellant's attorney fees because appellant's counsel billed for a March 20, 2000 pretrial conference with the judge, and the judge indicated that he was on vacation on March 20th and not at the courthouse. Appellant explained in his appellate brief that this was merely a typographical error and that the date of the pretrial conference was actually March 30, 2000. However, this explanation was never raised for the trial court to consider. It is well-established that a litigant's failure to raise an issue in the trial court waives the litigant's right to raise that issue on appeal. See State v. Comen (1990), 50 Ohio St.3d 206, 211; State v. Broom (1988), 40 Ohio St.3d 277, 288-289. For the foregoing reasons, we find the trial court considered and discussed the proper factors in making its determination and did not abuse its discretion in not awarding the full amount of attorney fees requested. Appellant's first assignment of error is overruled, and his second assignment of error is overruled in part.
The third issue appellant raises as part of his second assignment of error is that the trial court's award of $250 for attorney fees was capricious. We agree the trial court did not give adequate reasoning as to how it arrived at the specific amount of $250 as the attorney fee award, and such figure appears arbitrary. Although we understand the trial court has wide discretion in awarding attorney fees, we believe that, in this particular case, the court should have provided some reasoning for choosing the particular amount awarded, such as indicating which charges from the fee statement it found inappropriate and why. Therefore, we reverse and remand the case for the trial court to give further findings regarding the $250 amount, or, if, at its discretion, the trial court decides to change the amount of its award of attorney fees, to give its reasons for choosing the specific amount. The court need not hold another hearing or take additional evidence on the matter. Appellant's second assignment of error is sustained in part.
Accordingly, we overrule appellant's first assignment of error and overrule in part and sustain in part his second assignment of error. The judgment of the Franklin County Municipal Court granting appellant attorney fees is affirmed in part and reversed in part, and this case is remanded to that court for further proceedings consistent with this decision.
Judgment affirmed in part and reversed in part; case remanded.
BRYANT and BOWMAN, JJ., concur.